If you don't mind, could the clerk please call the case? 14-15-21, State Farm Mutual Automobile Insurance Company v. John J. Benedetto And, counsel, if you could come introduce yourselves, please. Good morning, Your Honors. My name is Frank Stevens. I represent State Farm. My name is Kevin O'Reilly, and I represent John Benedetto. Okay, fine. If we could begin, please. You can have a seat. Your Honors, the issue before you today is whether wind shear satisfies the hit-and-run requirements of both the statute and the State Farm policy. To the best of my knowledge, this precise issue has not been addressed by any Illinois court or review. However, I believe there are compelling reasons in both the statute and 40 years of case law that compels the conclusion that wind shear does not satisfy the hit-and-run requirements. This accident involving Mr. Benedetto and his wife occurred back in September of 2009, and they were traveling on Highway I-50 in southern Illinois on a motorcycle at about 8, 830 at night. They claimed that it was a two-lane highway. They claimed that they were proceeding westerly in a vehicle, a semi-truck, proceeding easterly in a curved area of the roadway, crossed into their lane. They admit there was no, Mr. Benedetto admits there was no physical contact, but he said he had to swerve to avoid the truck, and in so doing, the force of the wind generated by the truck caused him to push even further to the right off the roadway and lose control. Both he and his wife suffered injuries. Did he indicate that he maneuvered his vehicle in some way before he was, before his vehicle encountered the wind shear of the semi-tractor trailer truck? Yes. According to his statement, which is part of the record, his first evasive action when he saw the alleged semi-truck crossing the center line was to move to the right to avoid it. And it's proper here to call it alleged, or to use the word alleged, because there were no eyewitnesses to it. Nobody indicated what kind of truck it was or the name of the truck, and it was never identified. Is that accurate? That's exactly accurate, Justice. And I will tell you, in this part of our brief, State Farm never conceded that there was this truck, and it never conceded that wind shear was sufficient to cause him to lose control of his vehicle. So there are no independent witnesses that could establish the existence of the truck. Mr. Benedetto admits that there was no physical contact between him and the truck other than what he describes as the wind shear. It is clear for the last 40 years in Illinois that physical contact for a hit-and-run is permissible under the Illinois Uninsured Motor Statute. The leading case is Ferrega v. State Farm, decided in 1974. It is still good law. And it says that the hit-and-run provision of the Uninsured Motorist Statute is not ambiguous. It requires physical contact. Now, there are cases that have been decided since Ferrega that have interpreted policy language in other insurance companies' policies that make exceptions to the physical contact rule. And there's no prohibition in Illinois for an insurance company to extend coverage beyond what it's required to do statutorily. So if an insurance company wanted to provide coverage for miss-and-run accidents, they could put that into the policy? Exactly. And in cases that counsel for Mr. Benedetto relies upon, so hold. And we don't have any dispute with that. An insurance company can do that, but State Farm didn't do it in this case. State Farm has a hit-and-run requirement. And the argument is that hit-and-run, first argument is that hit-and-run is ambiguous. But the term hit-and-run, the exact term hit-and-run was determined, was construed in the Ferrega case by the Supreme Court. And in that case, they said that the language of the statute, the hit-and-run language, is clear and unambiguous. And the legislative intent can be ascertained from its provisions without resort to other aids for construction. It was the exact term that appears in State Farm's policy. State Farm's policy also provides, after the requirement that it be a hit-and-run, that there be physical contact between the unidentified motor vehicle and the insured or the vehicle that the insured is occupying. Somehow, for some reason, Mr. Benedetto claims that that makes the policy ambiguous. It doesn't, because Ferrega, and I quote, states, Section 155 was not intended to include unidentified cars that may be present at the scene of the occurrence of bodily injury without a physical contact of the unidentified vehicle with the insured or an automobile occupied by the insured. So State Farm's policy language tracks the holding in Ferrega. Counsel argues that the word striking is ambiguous because there are strikes. There was a suggestion I saw in the hearing below that, you know, people in New York were hit by a hurricane or people get hit by tornadoes. Well, that's true. And I'll make the same argument that I made in the trial court, which is the purpose of the hit-and-run requirement, according to the Supreme Court, is to avoid fraudulent claims. And there are situations, and there are appellate court cases, where it is absolutely clear that there was no fraudulent claim. But absent physical contact, a hit-and-run, there was no coverage. There are cases where there are eyewitnesses where an unidentified vehicle makes a quick left turn in front of an insured vehicle, the insured vehicle causing the insured to lose control, leave the roadway and crash into a tree. Eyewitnesses, independent eyewitnesses, not the claimant's wife, not the claimant himself, but independent witnesses witness that accident. But absent physical contact, there is no hit-and-run. That doesn't mean to suggest that this is a perfectly fair rule in all cases, and it's not meant to be. The rule has to be applied broadly in the way that it's presented because it's meant to prevent fraudulent claims. There is nothing that State Farm can do in this case if the simple testimony of the claimant is that when caused me to lose control of my vehicle, there is nothing State Farm can do in this case to prevent a fraudulent claim. So what you're saying is in a case where there's no proof of a hit and no independent proof of the run, that the possibility of fraud is greatly increased. Right. There's no way to dispute that. The insurance company is at the mercy in that case of the claimant. Unless there were independent witnesses. If there are independent witnesses, that is different. But the Illinois Appellate Court on several occasions said even when there's independent witnesses, because of the Supreme Court rule requiring physical contact, a hit and run, we still can't extend coverage. We don't concede that Windshear caused this accident. We don't concede the existence of the truck. We went into the trial court on a declaratory judgment action for a declaration that assuming everything Mr. Benedetto said was true, assuming arguendo that this happened the way he said, it's not sufficient to invoke coverage under the statute or the policy language. The public policy reason for this provision in the statute and the policy is strong. And it will not be fostered if the trial court's decision is allowed to stand in this case. Unless there's any further questions, I'll just reserve the rest of my time for rebuttal. It's true that Frege in the early 70s looked at a state farm policy and decided whether physical contact in a state farm policy was allowed to stand based on public policy. And the provision they were talking about there was a hit and run provision, right? It was definitely a hit and run provision and it stated the words physical contact. So how do you get around that? First of all, you understand we're looking at this de novo as if we were Judge Rooney in the trial court. So we can't give any deference to the ruling that was made below. So how do you get around FREGA, however you pronounce it? Right. This is not a public policy argument. We look to the Supreme Court in the 80s and look at what Hartford did. And they basically came up with a test. See, first of all, we're talking about striking physical contact is no longer in the state farm policy and was not in John Benedetto's policy. So really, FREGA is an apple compared to an orange. But let's look at Hartford and what they decided. In Hartford Lejeune, they said a continuous and contemporaneously transmitted force is enough to satisfy the physical contact requirements or the hit and run statute. There was a deviation from FREGA in the mid-80s. And that was based on a First District case of Palmer. Now, we're talking about the case where the log nut flies off the phantom vehicle. And we're talking about a case where one vehicle, Hartford was a case where one vehicle hits another and causes that vehicle to hit the injured party's vehicle. In Hartford, a test was now established as to what constitutes striking or physical contact or hit and run under the statute. They took into consideration what actually occurs out there and the fact that there's a gaping hole in coverage to the peril of the policy What do they do in these situations? Now, I know that State Farm relies on Canal, a Second District case, but that's, once again, that was a public policy decision. In Canal, they argued the public policy should be that if we have independent corroborating evidence, despite the fact that we agree there's no physical contact and no continuously contemporaneously transmitted force. They didn't argue that in Canal. That's another apple compared to our orange. Which part of this policy in the judgment of the plaintiff here is ambiguous, if any? Strike, hit and run, the fact that we're spending pages and pages of time defining hit and run and strike with 18-plus dictionary definitions of these terms. I know, but none of them says hit or miss and run. And it seems like what the argument here would be is that under the way you read Hartford or other cases, that there ought to be, we ought to read into the policy that it could be hit or miss and run. Hit and run or miss and run, one or the other. And it just seems to me that that proves that it's not ambiguous because you're trying to add something to it to benefit your reading of the case. Well, the way I look at it is if you can go to the dictionary and look it up and it's got one plain and clear meaning, we don't have cases arguing the term run. Nobody's gone and filed declaratory judgments over the word run. But there's been 40 years of arguing over physical contact, hit and run and strike. That's because the other vehicle is never there. It's unambiguous. Whether or not somebody can say there was a truck or there was a car, that part is always satisfied because the vehicle's not around. Exactly. But what's not satisfied is what constitutes striking and how you define it. As a policyholder, when you walk up, how do you define that? You go to the ordinary plain meaning. If this were not a truck causing the motorcycle to move, but let's say there was a tornado in this part of Illinois and they were hit by an F2, F3, whatever, and blown off of the road, the hit and run policy, provision of the policy, wouldn't apply, would it? Correct, because it must be a land vehicle. Right. But there would be another way of getting coverage under being struck in a vehicle while you're hit by an act of God or storm or something? No. Actually, I believe under most policies written, the best you could do is med pay coverage. Okay. So that's an exception, that that would not cover it. It's just not written into the policy. They only cover for hit and runs. Because the statute requires that. The statute doesn't require that acts of God be covered by insurance policies. In a reading of the statute for uninsured motorist coverage, which is contained in our briefs, so they don't. In my opinion, yeah, there's another gaping hole in policy coverage, but that's really to be left for later. Are there specific cases from other jurisdictions that say that wind shear could equate to strike or physical contact? And if so, what are they? Certainly. Well, I must concede that all the cases that we cite from the other jurisdictions that deal with wind shear and have addressed this issue deal with statutes that are different. There's 23 states that don't have this physical contact requirement because they just think it's unfair to the policyholders. Either they never had it in there or they found out that, hey, our policyholders of this state are being left without coverage. It's just not fair. So they changed those statutes. So in fairness to State Farm, the cases that we cited were there to show that, hey, wind shear is a force to be contended with and that has been contended with or addressed by other courts. This isn't a phenomenon we're making up. Wind shear is a real threat. As stated earlier, it causes planes to be knocked out of the air. And the wind shear from a truck is well known across the country and across all manuals on motorcycle riding that it is a force. So that, you know, the case is really, this is a case almost of first impression based on this statute across the country. Neither of us could find a case on point. It's just not out there. But wind shear has been addressed as being a force, and they accept that as a force in those cases, but they also accept that it's, and many of them don't require the physical contact. Appreciating that we can't give any deference to the lower court's ruling, what was the basis upon which you persuaded the lower court that coverage ought to obtain? Continuously and contemporaneously transmitted force from a fending vehicle, and I think the lower court. And that language again came from where? It's straight out of Hartford, but it's actually citing Palmer, a previous first district case. Okay. You know, I just want to address fraud real quickly because that seems to be what everybody's concerned with. But thank goodness to our system, we're allowed to try cases before triers of fact. When competent evidence and advocacy are presented from the well of a courtroom, or in this case it would be in a conference room, to a trier of fact, they determine whether fraud exists because it's a fact question. Just inherent in the word fraud, did it happen or not? So to state that, you know, the fear of fraud, well, they have a safeguard for that. They've got a trier of fact. In this case it's three attorneys or ex-judges or a single judge that you may agree upon who are going to decide that fact. They're going to look into Mr. Benedetto's eyes and his wife's eyes and they're going to determine, are they telling the truth? They're going to look at the facts of the case and say, wait, is this a case where a motorcycle rider is on, you know, a two-lane highway that's divided and is driving down and says, you know, 50 yards away, the truck wind shear caused them to blow off the road? They're going to look at that and go, are you kidding me? No. Right? But when you look at a case where you're on a two-lane country highway with gravel shoulders and a truck is going around a bend and a truck crosses over the center line to a motorcycle and the motorcycle is able to avoid that and then is blown off the road by wind shear, they can say, you know, that's plausible. That is something I believe because when they told it to me, I believed them when they said it. That's our system of justice. Yeah, but both of you went into the trial court asking for summary judgment on the issue of whether or not the policy applied, regardless of how it would be arbitrated or, you know, litigated or mediated or whatever. You both went in saying we're entitled to summary judgment, so. Yeah, we stipulated to the facts of what the testimony would be if presented. And so, for example, just like you say, you stipulated the facts. Your colleague said for the purpose of, you know, the motions below, we accepted what the Benedetto said happened, said that it did happen, that he moved, and then the vehicle was pushed by the wind shear. So it's not so much a matter of looking in their eyes and determining whether or not they're trying to con the people in the room. It's whether or not accepting that to be true, the policy and the law of the State of Illinois should compel a finding that coverage ought to obtain. Yeah, most true. We weren't asking for a fact ruling at all. I guess what I was getting at. But you're sort of suggesting that, you know, all they need to do is get into the room and then they can convince them that they're not trying to con anybody. Well, it seems that the public policy has been to protect the insurance companies from fraud. So I guess what I'm saying, there's a protection in place. The protection we put in place hundreds of years ago, a right to a trial by jury, which has evolved into, you know, arbitration and a trier of fact. And that's what I was trying to accentuate. I got you. So the arbitration exists as a buffer against fraud. Correct. All right. You know, just as a follow-up, you know, continuously and contemporaneously transmitted force is alive and well. That's the rule that applies here. And wind shear is definitely a force. There's no evidence to suggest otherwise. And for those reasons, coverage should apply. Thank you so much for your time. Thank you. Your Honors, I just want to address a couple of points, a couple of the questions that you posed to counsel during his argument. The first one was a discussion or your questioning regarding cases upon which he was relying on from other jurisdictions. He was correct in telling you that in the cases that he cited from Michigan and Florida and Indiana, those statutes, those uninsured notice statutes, do not require hit and run. You don't have to have physical contact according to those statutes. That's not the Illinois statute. The Illinois statute requires physical contact. That's the first point. And with all due respect to counsel, he said that those cases stand for the proposition that wind shear satisfies physical contact. Not one of those cases deals with wind shear. Not one of the cases he cites in his brief deals with wind shear. It is not State Farm's contention alone that the purpose of the hit and run provision in the statute and in its policy is to avoid fraud. Several Illinois appellate court cases hold exactly that, including Illinois National Insurance v. Palmer where the court states, and I quote, the purpose of the hit and run requirement is to reduce the potential for fraud. It's the appellate court that has decided, and the Frega Court, Supreme Court, has decided that you need physical contact to avoid the potential for fraud. As I said before, there are numerous situations where there are independent witnesses to an accident where there's no question that a vehicle fled the scene and caused the accident, but there was no physical contact. There was really no potential for fraud in those specific cases, but the rule that you need physical contact is written. It's a black letter law, and it's written in stone, and you need physical contact in order to invoke the hit and run provisions of the policy. He also talks about why he believes the term hit and run is ambiguous. The term hit and run is exactly the same term that appeared in State Farm's policy in Frega, and the Supreme Court said the language of the statute is clear and unambiguous. The legislative intent can be ascertained from its provision without resort to other construction. They specifically held that the term hit and run is not ambiguous, and it does require physical contact. And finally, he says that we were not able to find any cases from other jurisdictions that deal directly with the question here, which is whether wind shear is sufficient to satisfy the hit and run requirements. With all due respect to counsel, we found that case, and it's cited on page 8 of our brief, and it's Cochran v. Riggins, heavy hauling, and it's the Louisiana Court of Appeals, and in that case they say that physical contact, contact with air generated by a passing vehicle, is not the kind of physical contact required by the hit and run provision. It's directly on point. It couldn't be any more on point. Finally, with respect to this indirect physical contact, this continuous and contemporaneous force, the difference between what counsel was citing in those cases and this case is there was a hit and run vehicle. A hit and run vehicle actually made physical contact with something that caused a continuous and contemporary force, a transmitted force to another object and eventually into the insured vehicle. That did not happen here. There is no continuous and contemporaneous force. There's no striking. There's no hit and run between the alleged semi-truck and this motorcycle. We ask the court to reverse the trial court, and we ask for a decision, a reversal, finding that there is no hit and run, there's no uninsured motorist coverage for Mr. Benedetto's accident. Thank you. Thank you very much, everybody, for your excellent briefs and excellent argument. We'll take this case under advisement. You didn't have any other questions, did you? Sorry. I'll remain mute almost.  Thank you.